UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
Tony Bryant,

                               Petitioner,

               -against-

Superintendent of Elmira
Correctional Facility,

                               Defendant.
-----------------------------------------------------------------X

19-cv-04405-NSR-VR

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/5/2025

**VICTORIA REZNIK, United States Magistrate Judge:**

On April 25, 2019, Petitioner petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254, asserting that "the trial court erred in its refusal to permit [him] to withdraw his plea of guilty in this case since he received ineffective assistance of counsel."[1] (ECF No. 1 at 5). Construed liberally, Petitioner's petition is best construed as asserting two claims: (1) his plea was not knowing, voluntary, and intelligent; and (2) he received ineffective assistance of plea counsel. Although the petition is fully briefed and ready for disposition, as explained below, there is one issue that needs to be addressed before the Court resolves the petition.

## LEGAL STANDARD

Before a petitioner seeks federal habeas review under Section 2254, they must exhaust all remedies available to them in state court. *See* 28 U.S.C.

---

[1] In June 2019, the petition was referred to a Magistrate Judge for the purpose of providing a report and recommendation to Judge Román, the District Judge presiding over this matter. (ECF No. 9). The petition was initially assigned to Magistrate Judge Lisa Margaret Smith (*id.*), but it was reassigned to the undersigned in September 2023. (Notice of Reassignment entered 9/18/2023).

1

§ 2254(b)(1); *Jackson v. Conway*, 763 F.3d 115, 133 (2d Cir. 2014), *cert. denied*, 575 U.S. 919 (2015). This means that the petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To achieve this, the petitioner must present "the essential factual and legal premises of his federal constitutional claim to the highest state court capable of reviewing it." *Jackson*, 763 F.3d at 133 (internal quotation marks and citations omitted). In New York, a petitioner invokes "one complete round" of review by appealing an issue to the Appellate Division and then seeking leave to appeal to the New York Court of Appeals. *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005).

If a petition for habeas corpus relief is a mixed petition, i.e., it contains both exhausted and unexhausted claims, a federal court may not adjudicate it. *See Abuzaid v. Mattox*, 726 F.3d 311, 321 (2d Cir. 2013) (citing *Rose v. Lundy*, 455 U.S. 509 (1982)). Instead, a court has three options: (1) dismiss the entire petition without prejudice, (2) stay the proceedings and hold the petition in abeyance, or (3) deny the entire petition on the merits under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Alexander v. Royce*, 20-cv-1487 (LJL), 2021 WL 1192022, at *2 (S.D.N.Y. Mar. 30, 2021). If the Court chooses to deny the entire mixed petition on the merits, it may only do so if the

unexhausted claims are also "plainly meritless." *Id.* at *4 (internal quotation marks omitted).

## **DISCUSSION**

Here, Bryant's petition is a mixed petition because it contains both exhausted and unexhausted claims. His claim that his plea was not made knowingly, voluntarily, or intelligently is exhausted. He appealed that claim to New York Supreme Court's Appellate Division, it directly addressed it in their opinion by concluding that it lacked merit, and he sought leave to appeal that claim to the New York Court of Appeals, which was denied. *See People v. Bryant*, 69 N.Y.S.3d 496 (N.Y. App. Div. 2018) (concluding that record contained sufficient evidence that guilty pleas were knowing, voluntary, and intelligent, but declining to rule on IAC claim because it could not be resolved "without reference to matter outside the record"); *People v. Bryant*, 103 N.E.3d 1247 (N.Y. 2018) (Court of Appeals denying Petitioner leave to appeal); *Galdamez*, 394 F.3d at 74 (holding exhaustion of claims in New York courts requires appealing to Appellate Division and seeking leave to appeal with Court of Appeals).

But his ineffective assistance of counsel (IAC) claim is unexhausted. Although he also appealed that claim to the Appellate Division, it declined to rule on it because it was partially based on facts outside the record on appeal, and stated explicitly that "a CPL 440.10 proceeding [wa]s the appropriate forum

for reviewing the claim in its entirety."[2] *Id.* Petitioner failed to pursue that CPL §440.10 avenue, and never raised this claim in a CPL §440.10 motion. But a CPL §440.10 motion "may be brought at any time after the entry of judgment," so there is no time period after which it expires or becomes unavailable. *Bonneau v. LaManna*, 18 Civ. 2228 (CS) (AEK), 2023 WL 5526717, at *6 (S.D.N.Y. Aug. 27, 2023) (internal quotation marks, brackets, and citation omitted). Thus, the instant petition must be considered a mixed petition.

As noted above, the Court has three options with a mixed petition like this one: (1) dismiss the entire petition without prejudice, (2) stay the proceedings and hold the petition in abeyance, or (3) deny the entire petition on the merits under AEDPA. *See Alexander*, 2021 WL 1192022, at *2. The first option, dismissing the entire petition without prejudice, is available here but creates a risk that Petitioner will be unable to return to federal court with any of his claims after he files a CPL § 440.10 motion in state court to exhaust his IAC claim. Under AEDPA, petitions for habeas corpus relief have a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Petitioner's one-year window expired on May 22, 2019, one year after direct review of the judgment against him became final when the Court of Appeals denied him leave to appeal.

---

[2] The Appellate Division's opinion did make a passing statement that Bryant's ineffective assistance of counsel claim lacked merit, *Bryant*, 69 N.Y.S.3d at 716, but that statement does not affect this exhaustion analysis. *See Smickle v. Superintendent, Shawangunk Corr. Facility*, 23-CV-01634 (JHR) (SDA), 2023 WL 4249029, at *2 n.3 (S.D.N.Y. June 29, 2023) ("The Appellate Division's alternative holding that the ineffective assistance claim lacked merit does not affect Petitioner's failure to exhaust.").

*Bryant*, 103 N.E.3d at 1079. Thus, there is a risk that Petitioner may be unable to later seek relief on any of his claims, even his already-properly exhausted claim that his plea was not knowing, voluntary, and intelligent.[3]

The second option, staying proceedings, is only permitted when the petitioner can show "good cause" for why their unexhausted claim was not properly filed in state court to begin with and that the unexhausted claim is not "plainly meritless." *Alexander*, 2021 WL 1192022, at *4 (citing *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005)). The Court in *Rhines* reasoned that "[b]ecause granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines*, 544 U.S. at 277. Petitioner provides no explanation for why he failed to pursue a CPL §440.10 proceeding to exhaust his ineffective assistance of counsel claim; there is no mention of it in his initial petition or his reply papers. (ECF Nos. 1; 22). Thus, he fails to show good cause, making a stay of proceedings inappropriate. *Alexander*, 2021 WL 1192022, at *4 (finding no good cause for stay when petitioner provides no reason to explain why he failed to pursue unexhausted claim in state court first); *Johnson v. Kirkpatrick*, No. 11 Civ. 1089(CM)(AJP), 2011 WL 3328643, at *13 (S.D.N.Y.

---

[3] It is also not immediately apparent that Petitioner is subject to any equitable tolling, which would impact his ability to reassert his claims for relief.

5

Aug. 3, 2011) (finding no good cause for stay and abeyance where petitioner offered no explanation for why his state claims remained unexhausted).

Finally, the Court has a third option of ruling on the merits of the unexhausted Section 2254(b) claim if it finds the claim is "plainly meritless." The Court declines to do so here. As the Appellate Division stated, the evidence (if any) that would form the basis for Petitioner's unexhausted IAC claim is not in the trial record and has not been presented to this Court. And as mentioned above, Petitioner retains the option of moving to collaterally attack his conviction under CLP § 440.10. Given the incomplete record and Petitioner's potential ability to supplement it, the Court declines to reach the merits of his unexhausted IAC claim. *See Alexander*, 2021 WL 1192022, at *4 (declining to rule on merits of unexhausted false testimony claim because evidence forming basis of claim not in trial record or presented with habeas petition).

But, a fourth option exists, which other judges have pursued in similar situations. When a court presented with a mixed petition "determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Rhines*, 544 U.S. at 278; *accord Chu v. Artus*, No. 07 Civ. 6684(RJS)(DF), 2011 WL 8202381, at *15 (S.D.N.Y. Aug. 9, 2011); *see also Young v. Great Meadow Corr. Facility Superintendent*, 16-CV-1420 (PAE) (BCM), 2017 WL 480608, at *4 (S.D.N.Y. Jan. 10, 2017) (citing *Rhines* for

6

proposition that court may allow petitioner to delete unexhausted claims to allow for ruling on merits of exhausted claims); *see Dixson v. Lamanna*, 18 Civ. 8285 (KPF) (SN), 2022 WL 19180, at *15 (S.D.N.Y. Jan. 3, 2022) (similar, citing *Rhines*); *Alexander*, 2021 WL 1192022, at *4 (similar, citing *Rhines*). And if a petitioner is given the opportunity to withdraw and fails to do so, a court may either dismiss the entire petition or further exercise its discretion to presume that the petitioner would rather have his unexhausted claim withdrawn to obtain a resolution of his exhausted claims on the merits. *See Young*, 2017 WL 480608, at *5. The Court is inclined to explore this discretionary fourth option with the Petitioner before deciding the instant petition as a whole.

## CONCLUSION

Petitioner is directed to submit a letter to the Court, within 60 days of the date of entry of this Order, confirming whether he wants to withdraw his unexhausted ineffective assistance of plea counsel claim or proceed with both claims. As explained above, if Petitioner chooses to proceed with both claims, he faces the risk of dismissal of his entire petition without prejudice. If Petitioner otherwise fails to timely inform the Court of his choice, this Court will exercise its discretion to presume that he would prefer for his unexhausted claim to be withdrawn and proceed with a determination on his remaining, exhausted claim. *See Johnson*, 2011 WL 3328643, at *14 (presuming petitioner preferred to have unexhausted claim withdrawn and proceeding to resolve remaining claims to avoid dismissing entire petition); *Taylor v. Poole*, No. 07 Civ.

6318(RJH)(GWG), 2009 WL 2634724, at *25 (S.D.N.Y. Aug. 27, 2009) (deeming unexhausted claim withdrawn instead of dismissing entire mixed petition and giving petitioner opportunity to confirm if withdrawal was his desired outcome).

**SO ORDERED.**

DATED:   White Plains, New York
         6/5/2025

VICTORIA REZNIK
United States Magistrate Judge