UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONY BRYANT,<br><br>Petitioner,<br><br>-against-<br><br>SUPERINTENDENT OF ELMIRA CORRECTIONAL FACILITY,<br><br>Respondent. | 19-cv-4405 (NSR)<br><br>OPINION & ORDER |

NELSON S. ROMÁN, United States District Judge:

*Pro se* Petitioner, Tony Bryant ("Petitioner"), commenced this proceeding pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus, challenging his New York State Supreme Court, Westchester County, convictions following his guilty plea to the crimes of: (1) first-degree murder, in violation of N.Y. Penal Law § 125.27(1); (2) second-degree murder, in violation of N.Y. Penal Law § 125.25(1); (3) second-degree conspiracy to commit a felony, in violation of N.Y. Penal Law § 105.15; (4) attempted criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law §§ 110 and 220.39(1); and (5) attempted criminal possession of a controlled substance in the third degree, in violation of N.Y. Penal Law §§ 110 and 220.16(1). (ECF No. 1, Petition.) Respondent, Superintendent of Elmira Correctional Facility, opposes the petition. (ECF No. 17). Thereafter, Petitioner filed a reply. (ECF No. 22.)

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), this matter was originally referred to Magistrate Lisa M. Smith ("MJ Smith") to issue a report and recommendation ("R&R").(ECF No. 9.) Following MJ Smith's retirement, the matter was reassigned to Magistrate Judge Victoria Reznik ("MJ Reznik"). On October 10, 2025, MJ Reznik issued an R&R recommending that the Court deny the petition. (ECF No. 27, R&R.) Because no party filed

objections, the Court reviews the R&R for clear error, finds none, and adopts it in its entirety. Accordingly, judgment is entered in favor of Respondent, and the petition is DISMISSED.

**FACTUAL & PROCEDURAL BACKGROUND**

The following facts are taken from the Petition, the state court transcripts and filings, the parties' motion papers, and the R&R.

Petitioner was charged in three separate indictments in New York State Supreme Court, Westchester County. By Indictment No. 09-1637, Petitioner was charged with one count of first-degree murder, four counts of second-degree murder, two counts of first-degree robbery, four counts of second-degree criminal possession of a weapon, and one count of second-degree conspiracy to commit a felony. By Indictment No. 09-1315, Petitioner was charged with four counts of third-degree criminal possession of a controlled substance and two counts of seventh-degree criminal possession of a controlled substance. By Indictment No. 09-1355, Petitioner was charged with one count of fifth-degree criminal possession of a controlled substance and one count of seventh-degree criminal possession of a controlled substance. (R&R at 2–3.)

On July 2, 2010, Petitioner, while represented by counsel, pleaded guilty pursuant to a plea agreement to: (1) first-degree murder, in violation of N.Y. Penal Law § 125.27(1); (2) second-degree murder, in violation of N.Y. Penal Law § 125.25(1); (3) second-degree conspiracy to commit a felony, in violation of N.Y. Penal Law § 105.15; (4) attempted criminal sale of a controlled substance in the third degree, in violation of N.Y. Penal Law §§ 110 and 220.39(1); and (5) attempted criminal possession of a controlled substance in the third degree, in violation of N.Y. Penal Law §§ 110 and 220.16(1). On March 3, 2011, Petitioner was sentenced to an aggregate indeterminate term of 28 years to life imprisonment. (*Id.* at 3–4, 10.)

In August 2010, Petitioner moved pro se to withdraw his guilty pleas on the grounds that he did not understand that he had a right not to plead guilty and that his counsel had placed unreasonable

pressure on him to plead guilty. After Petitioner's original counsel was relieved and new counsel was appointed, Petitioner moved through new counsel to set aside his guilty pleas on the grounds that they were not entered knowingly, voluntarily, and intelligently. In January 2011, the trial court denied the motion, finding that Petitioner's contentions were contradicted by the plea allocution. Specifically, Petitioner had represented to the trial court that he was satisfied with his attorney, understood the nature and consequences of the pleas, admitted the conduct underlying the offenses, and had not been threatened, forced, or coerced into pleading guilty. The trial court therefore concluded that Petitioner's pleas were entered knowingly and voluntarily. Petitioner subsequently moved for reconsideration, which the trial court orally denied at sentencing. (*Id.* at 8–10.)

Petitioner appealed his convictions to the Appellate Division, Second Department, arguing, among other things, that his guilty pleas were not entered knowingly, voluntarily, and intelligently and that he had received ineffective assistance of counsel. In March 2018, the Appellate Division affirmed Petitioner's convictions, finding that the record demonstrated that his pleas were entered knowingly, voluntarily, and intelligently. *People v. Bryant*, 159 A.D.3d 715 (2d Dep't 2018). The Appellate Division further determined that Petitioner's ineffective-assistance claim was a "mixed claim" that could not be resolved without reference to matters outside the record and that a proceeding pursuant to N.Y. Criminal Procedure Law § 440.10 was the appropriate forum in which to raise the claim. *Id.* Petitioner sought leave to appeal to the New York State Court of Appeals, but leave was denied. *People v. Bryant*, 31 N.Y.3d 1079 (2018). (R&R at 11–12.)

## LEGAL STANDARD

### I. Report & Recommendation

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." 28

U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

"To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record) ." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003 (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") *(*quoting *Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989).

To the extent a party makes specific objections to an R & R, those objections must be reviewed *de novo*. 28 U.S.C. 636(b)(l); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdish*, No. 04 CIV. 5061 (RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent a party "makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04 CIV.5066 HB FM, 2008 WL 772568, at *6 (S.D.N.Y. Mar. 25, 2008). The distinction turns on whether a litigant's claims are clearly aimed at particular findings in the magistrate's proposal or are a means to take a "second bite at the apple" by simply relitigating a prior argument. *Singleton v. Davis,* No. 03 CIV 1446 LTS HBP, 2007 WL 152136, at *1 (S.D.N.Y. Jan. 18, 2007), *aff'd,* 308 F. App'x 560 (2d Cir. 2009)

## II. Writ of Habeas Corpus

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")."*Harrington v. Richter*, 562 U.S. 86, 97 (2011). Section 2254(d) provides in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim - (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Habeas review is an extraordinary remedy" and "will not be allowed to do service for" an appeal. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (quoting *Reed v. Farley*, 512 U.S. 339, 354 (1994). When a federal court reaches the merits of a habeas petition, AEDPA prescribes a "highly deferential" standard for reviewing state court rulings. *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *see also Fischer v. Smith*, 780 F.3d 556, 561 (2d Cir. 2015).

"Before a federal district court may review the merits of a state criminal judgment in a habeas corpus action, the court must first determine whether the petitioner has complied with the procedural requirements set forth in 28 U.S.C. §§ 2244 and 2254." *Visich v. Walsh*, No. 10 Civ. 4160 (ER)(PED), 2013 WL 3388953, at *9 (S.D.N.Y. July 3, 2013). Such procedural requirements include the exhaustion of claims in state court. 28 U.S.C. § 2254(b)(1)(A). A claim is "adjudicated on the merits" when a state court has made a decision finally resolving the parties' claims, with res judicata effect, based on the substance of the claim advanced, rather than on procedural, or other grounds. *See Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (internal citations omitted). A federal petition that challenges a state conviction based upon a court decision that rests upon a "state-law ground,"

independent of the federal question and adequate to support the judgment, is not subject to federal review. *Cone v. Bell*, 556 U.S. 449, 465 (2009) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

AEDPA imposes a one-year limitations period for filing a federal habeas petition**.** As relevant here, that period begins to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). The limitations period is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C**.** § 2244(d)(1). A state collateral application filed after the limitations period has expired, however, does not restart the limitations period. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000). Equitable tolling is available only where a petitioner demonstrates that an extraordinary circumstance prevented timely filing and that he acted with reasonable diligence throughout the period he seeks to toll. *Holland v. Florida*, 560 U.S. 631, 653 (2010); *Smith*, 208 F.3d at 17. A credible and compelling claim of actual innocence may provide an equitable exception to the limitations period. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392–93 (2013); *Rivas v. Fischer*, 687 F.3d 514, 541 (2d Cir. 2012).

## DISCUSSION

As previously mentioned, neither Petitioner nor Respondent filed objections to the R&R. Accordingly, the Court reviews the R&R for clear error. Upon a thorough review of the record and MJ Reznik's well-reasoned R&R, the Court finds no clear error.

As delineated in the R&R, the Appellate Division's determination that Petitioner's pleas were entered knowingly, voluntarily, and intelligently was neither contrary to, nor an unreasonable application of, clearly established federal law, nor was it based on an unreasonable determination of the facts. (R&R at 27–30.) During the plea proceeding, Petitioner affirmed under oath that he understood the charges against him, the constitutional rights he was waiving, and the maximum

sentences he faced; that no one had threatened, coerced, or forced him to plead guilty; and that he was pleading guilty freely and voluntarily because he was guilty. (*Id.* at 28–29.) Petitioner's subsequent conclusory allegations did not overcome the strong presumption of verity accorded to his sworn statements during the plea proceeding. (*Id.* at 29–30.)

The Appellate Division declined to resolve Petitioner's ineffective-assistance-of-counsel claim because the claim depended, in part, on matters outside the record and was therefore properly raised in a proceeding pursuant to N.Y. Criminal Procedure Law § 440.10. (*Id.* at 22–23.) Because Petitioner never filed a § 440.10 motion, the ineffective-assistance claim remained unexhausted, rendering the Petition mixed. (*Id.* at 22–24.)

To permit review of Petitioner's exhausted claim, MJ Reznik directed Petitioner to confirm whether he wanted to withdraw his unexhausted ineffective-assistance-of-counsel claim or proceed with his mixed Petition in its entirety. (ECF No. 25; R&R at 26.) Petitioner timely responded and confirmed that he wanted to withdraw his unexhausted claim. (ECF No. 26 at 1; R&R at 26 & n.12.) Accordingly, MJ Reznik recommended that the unexhausted claim be deemed withdrawn and dismissed without prejudice, thereby permitting the Court to reach the merits of Petitioner's exhausted claim. (R&R at 26–27); *see Dixson v. Lamanna*, No. 18 Civ. 8285 (KPF) (SN), 2022 WL 19180, at *17 (S.D.N.Y. Jan. 3, 2022).

Lastly, MJ Reznik properly declined to consider Petitioner's construed freestanding actual-innocence claim because Petitioner raised it for the first time in his reply rather than in the Petition. (R&R at 30.)

Finding no clear error, the Court adopts the R&R in its entirety. Accordingly, Petitioner's ineffective-assistance-of-counsel claim is deemed withdrawn and dismissed without prejudice, and the remaining portion of the Petition is denied.

**CONCLUSION**

For the reasons stated above, the Court adopts MJ Reznik's R&R in its entirety. The Petition is deemed DISMISSED, except that Petitioner's ineffective assistance of counsel claim is DISMISSED without prejudice. The Clerk of the Court is respectfully directed to enter judgment in favor of Respondent, to terminate the action and to mail a copy of this Opinion and Order to *pro se* Petitioner at the address on ECF and show service on the docket.

Dated: July 21, 2026
White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge